UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHELLE SMITH BUSSE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:13-CV-98 (CEJ) |
| DAIICHI SANKYO PHARMACEUTICAL, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to amend her complaint and remand the action to the Twenty-First Judicial Circuit of Missouri (St. Louis County) from which it was removed. Defendant has filed a response in opposition to the motion.

I. **Background**

Plaintiff brings this action, asserting claims of employment discrimination and retaliation. On May 29, 2012, plaintiff initiated this action in the state court by filing a *pro se* complaint under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq*. Defendant timely removed the action, alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331. See Smith Busse v. Daichi Pharmaceutical, 4:12-CV-1301. After removal, plaintiff obtained counsel and filed an amended complaint in which she asserted claims based on Title VII, 42 U.S.C. § 1981, and the Missouri Human Rights Act, Mo.Rev.Stat. §§ 213.010 *et seq*. Defendant filed a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff then sought leave to file an amended complaint containing only state-law claims. On December 17, 2012, the plaintiff was granted leave to amend her complaint and the case was remanded the matter to state court for lack of subject matter jurisdiction. On January 16, 2013,

defendant removed the action again, this time asserting diversity of citizenship jurisdiction under 28 U.S.C. § 1332.[1]  On January 24, 2013, plaintiff filed a motion to amend the complaint and for remand, arguing that the Court lacks jurisdiction because the amount in controversy does not exceed $75,000.

II. **Discussion**

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)).  "All doubts about federal jurisdiction should be resolved in favor of remand to state court."  In re Prempro Products Liability Litigation, 591 F.3d at 620 (citing Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007)).  A case must be remanded if, at anytime, it appears that the district court lacks subject-matter jurisdiction.  28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000, exclusive of interest and costs, and complete diversity of citizenship among the litigants.  28 U.S.C. § 1332(a).  The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence.  Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005).  Once the defendant satisfies the burden, remand is only appropriate if the plaintiff can establish that the requirements for diversity jurisdiction have not been met to a "legal certainty."  Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009).

Defendant submits evidence that plaintiff's pay exceeded $75,000 in the two years before her termination.  In addition, plaintiff has made two settlement demands.

---

[1]The diversity of the parties is not in dispute: plaintiff is a citizen of Missouri and defendant is a Delaware corporation with its principal place of business in New Jersey.

In her first demand, she sought compensatory damages in the amount of $122,500 (for lost wages, bonuses, commissions and trips), plus punitive damages and attorney's fees in excess of $500,000. Plaintiff's second demand was for $265,000.

Defendant has submitted sufficient evidence to establish that the amount in controversy exceeds $75,000. Thus, remand is appropriate only if plaintiff can establish that the amount in controversy is less than $75,000 to a legal certainty. Bell, 557 F.3d at 956. Plaintiff has not presented any evidence to support her contention that the amount in controversy is not satisfied, choosing to rely instead on amending her complaint to limit her prayer for damages to no more than $75,000, plus attorneys' fees and costs. When calculating the amount in controversy, attorney's fees are considered. Capitol Indem. Corp. v. Miles, 978 F.2d 437, 438 (8th Cir. 1992). Plaintiff has not met her burden to establish to a legal certainty that her damages do not exceed $75,000. Thus, the Court has subject matter jurisdiction over this dispute.

Plaintiff filed her proposed third amended complaint as a separate document in the Court's electronic file before obtaining leave to amend. The proposed third amended complaint will be stricken from the record. No further amendment may be filed except by leave of Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend and remand [Doc. #8] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's third amended complaint [Doc. #9] is **stricken**.

**IT IS FURTHER ORDERED** that plaintiff shall have until **March 11, 2013**, to file a response to defendant's motion to dismiss.

```
                                    _____
                                    CAROL E. JACKSON
                                    UNITED STATES DISTRICT JUDGE
```

Dated this 4th day of March, 2013.