UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHELLE SMITH BUSSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:13-CV-98 (CEJ) |
| | ) |
| DAIICHI SANKYO, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss plaintiff's second amended complaint for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has filed a response in opposition to the motion and the issues are fully briefed. Plaintiff has also filed a motion for leave to file a third amended complaint. The Court will grant the requested leave and deem the motion to dismiss to be directed to the third amended complaint.

Plaintiff Michelle Smith Busse, an African-American woman, was employed as a sales representative by defendant Daiichi Sankyo, Inc., from August 1, 2004, to May 31, 2011. She alleges that she was subjected to disparate treatment and a hostile work environment based on her race and that defendant retaliated against her when she complained about discriminatory treatment. She asserts claims of race discrimination (Count I) and retaliation (Count II) under the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. §§ 213.010 *et seq.* Defendant moves for dismissal, asserting that plaintiff failed to exhaust her administrative remedies and has not met the pleading standards set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

I.    Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint.  The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").  The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim.  Id.  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570.  See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.")  "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

II.    Background

A.    Administrative proceedings

On January 3, 2011, plaintiff filed a charge of discrimination with the Missouri Human Rights Commission. On the form, she checked the box for "race" as the basis of her charge.  In the narrative portion, plaintiff stated that her manager, Lisa Tucker, subjected her to intimidation by constantly yelling at her.  In addition, Tucker required plaintiff to complete specific pre-call planning procedures that white sales

representatives were not required to complete. Plaintiff stated that she was placed on an informal Performance Improvement Plan (PIP) that was supposed to apply to all members of her team but was applied only to her. She was subsequently placed on a formal improvement plan. Plaintiff stated that she believed she was discriminated against based on her race.

On April 22, 2011, plaintiff submitted an amended charge of discrimination. She checked the boxes for "race" and "retaliation" as the bases for the amended charge. In the narrative she stated that, after she filed the original charge, she was subjected to further write-ups, placed on final warning, had a "platinum bonus of $5,000 taken away," and lost a trip to Hawaii, even though she had ranked number four in her region and within the top 50 nationwide.

### B.     Allegations in the Third Amended Complaint

In the third amended complaint, plaintiff alleges generally that she was subjected to a racially-hostile environment, denied employment opportunities, including promotions and bonuses, and disciplined more harshly than her Caucasian co-workers. More specifically, plaintiff alleges that her supervisors constantly yelled at her without good cause in a manner that was belittling, demeaning, intimidating, and hostile, while being respectful of and deferential to her Caucasian co-workers. In addition, she was issued warning letters for failing to meet territory sales goals and was required to improve her sales performance even though the territory was shared with two Caucasian sales representatives, neither of whom received warning letters. She further alleges that Tucker cancelled "field rides" designed to improve plaintiff's performance but did not cancel field rides scheduled with plaintiff's Caucasian co-workers. Tucker told plaintiff not to ask questions on conference calls because her

questions made her sound incompetent, while Caucasian co-workers were encouraged to ask questions. Tucker yelled at plaintiff in the presence of others but did not yell at the Caucasian sales representatives. Plaintiff's budget was subjected to additional scrutiny after she and two other employees were falsely accused of having a "black girls' night out" with her field cash. Plaintiff alleges that immediately after she filed her original charge of discrimination, Tucker "continued to harass plaintiff for unjustified reasons." For instance, Tucker called plaintiff while she was on medical leave and "bombard[ed] her with unnecessary and irrelevant questions." In addition, defendant removed the $5,000 bonus and Hawaiian trip that plaintiff had earned.

### III. Discussion

#### A. Failure to Exhaust Administrative Remedies

Defendant argues that plaintiff failed to exhaust her administrative remedies with respect to her claims for denial of promotions, termination, and harassment.

The MHRA requires plaintiffs to exhaust all administrative remedies before petitioning the courts for relief. Reed v. McDonald's Corp., 363 S.W.3d 134, 143 (Mo. Ct. App. 2012) (citation omitted). In order to exhaust administrative remedies, the claimant must give notice of all claims in the administrative complaint. Id.; see also Mo. Rev. Stat., § 213.075.1 (a charge filed with the MCHR shall "set forth the particulars" of the unlawful discriminatory practice). However, "administrative complaints are interpreted liberally in an effort to further the remedial purposes of legislation that prohibits unlawful employment practices." Reed, 363 S.W.3d at 143 (quoting Alhalabi v. Missouri Department of Natural Resources, 300 S.W.3d 518, 524 (Mo. Ct. App. 2009)). Accordingly, administrative remedies will be exhausted as to all incidents that are "like or reasonably related" to the allegations contained in the

charges filed with the MCHR.  Id.  Furthermore, "the scope of the civil suit may be as broad as the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination."  Id. at 143-44.

Plaintiff alleges in her third amended complaint that she was denied promotions on the basis of her race, but she did not make any allegations about promotions in her administrative charges.  Plaintiff does allege that she lost bonuses and incentives she was entitled to, but these actions were taken in retaliation for her first charge of discrimination, not because of her race.  Even applying the liberal-interpretation standard, the Court concludes that plaintiff's bonus and incentive allegations are not sufficiently "like or reasonably related to" her promotion claims and that an administrative investigation into plaintiff's retaliation claim was unlikely to encompass a claim that plaintiff was denied promotions because of her race.  See Richter v. Advance Auto Parts, Inc., 686 F.3d 847, 854 (8th Cir. 2012) (examining MHRA language requiring a charge to "set forth the particulars" and concluding that claim for retaliation not "like or reasonably related to" race- and sex-based allegations raised in administrative charge); Reed, 363 S.W.3d at 144 (constructive discharge claim not exhausted where administrative charge alleged sexual harassment but did not mention "any facts or particulars relating to intolerable working conditions causing her to quit working"). To the extent that plaintiff asserts a claim of discriminatory or retaliatory termination,[1] her administrative charges were filed before she left her employment and thus are necessarily silent with respect to any termination claim.  Thus, defendant's

---

[1]Plaintiff does not explicitly allege that she was unlawfully terminated from her employment.  However, in her prayer for relief, she seeks back pay, front pay, and restitution for lost benefits, all remedies consistent with a claim for improper termination.

motion to dismiss will be granted with respect to plaintiff's claims that she was denied promotions or unlawfully terminated.

Defendant also argues that plaintiff failed to administratively exhaust her claim for harassment because she did not describe "severe or pervasive conduct" in her charges of discrimination.  Plaintiff stated that her supervisor constantly yelled at and intimidated her, and that this conduct was motivated by plaintiff's race.  These allegations are "like or reasonably related to" the harassment claim as alleged in the complaint and defendant's motion to dismiss the harassment claim will be denied.

### B. Failure to State a Claim for Relief

Defendant argues that plaintiff's claims of discrimination and retaliation must be dismissed because she failed to plead facts sufficient to show that defendant acted with discriminatory intent.  The Court believes that the allegations of plaintiff's third amended complaint provide sufficient factual support for the elements of her discrimination and retaliation claims.  Defendant's motion to dismiss for failure to state a claim for relief will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a third amended complaint [Doc. #19] is **granted**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss [Doc. #7] is **granted** with respect to plaintiff's claims that she was denied promotions and terminated from her employment and **denied** in all other respects.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of April, 2013.